UNITED STATES DISTRICT COURT    SOUTHERN DISTRICT OF TEXAS
United States District Court
Southern District of Texas
**ENTERED**
June 05, 2019
David J. Bradley, Clerk

| | | |
|---|---|---|
| David Lancaster, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-18-1936 |
| | § | |
| Harris County, et al., | § | |
| | § | |
| Defendants. | § | |

## Opinion on Dismissal

1. *Introduction.*

The nucleus of this case is a protective order issued against David Lancaster in September 2009. The applicant was Barbara Lancaster, David's then wife. Lancaster says that this order was obtained through fraud and conspiracy, and he has sued eleven named defendants and three blind categories of people. Lancaster has failed to timely state a justiciable claim; he will take nothing.

2. *Background.*

David and Barbara Lancaster divorced in 2012. In May 2009, Barbara accused David of domestic assault and he was charged with assault of a family member, a Class A misdemeanor. In June, the case was dismissed because Barbara refused to testify. On July 17, 2009, Barbara filed an affidavit with the Harris County district attorney that described the May assault and alleged that a second assault occurred in June 2009. An emergency protective order was granted on July 27, 2009. Sometime between May and July 27, 2009, a few Harris County sheriff deputies accompanied Barbara to her house so that she could gather her property.

On Barbara's motion, the charges against David were dropped on August 24, 2009. On August 25, 2009, the Harris County district attorney presented the charges against David, and received an order extending Barbara's temporary restraining order on August 27. A hearing was set for September 9, 2009, and David Lancaster was ordered to appear. A Harris County

sheriff's deputy attempted to serve Lancaster on September 1, 2, and 3, and successfully served him on September 4, 2009.

On September 9, 2009, Lancaster did not appear on time. As a result, a two-year protective order was issued against Lancaster by default. Lancaster was unemployed and homeless until August 2010, when he received a job in Louisiana. Before he earned his first paycheck, Barbara contacted him and told him that he would need to pay her child support.

In April and June of 2011, two criminal complaints were entered against Lancaster for violating the 2009 protective order. Lancaster asserts that he was not served notice of these two complaints until November 2011, when he was served while attending his son's wedding in Houston.

On July 25, 2012, Lancaster was scheduled to appear for a hearing regarding the criminal trials, but was late again. As a result, his bond was revoked. Lancaster then pleaded guilty to the two charges. He paid the fines and returned to Louisiana. After returning to Louisiana, Lancaster was served with another two-year protection order based on his guilty pleas.

In January 2013, Lancaster filed a bill of review.[1] In April 2013, the Harris County district attorney agreed to expunge his original 2009 criminal assault charge. In July 2014, Lancaster's bill of review was denied because Lancaster had a chance to rebut the 2009 protective order but he failed to show up. Lancaster appealed and the court of appeals reversed and remanded. On remand, Lancaster's case was dismissed. Lancaster again appealed, and the trial court's judgment was affirmed.[2] Lancaster had also filed a malpractice lawsuit against the attorney who represented him in the bill of review. Lancaster lost, appealed, and lost on appeal. In between his malpractice lawsuit being dismissed and his bill of review appeal, he filed this lawsuit.

3.  *Claim Preclusion.*

Lancaster has sued everyone from his ex-wife to the current Harris County district attorney – who was not in office during the time of Lancaster's grievance – and everyone in between, for four Constitutional violations and fraudulent concealment.

---

[1] A bill of review is a method of attacking a judgment rendered against a person without notice. It is a new lawsuit.

[2] *Lancaster v. St. Yves, et al.*, No. 01-17-00250-CV (Tex. App. 2017).

Claim preclusion, a subset of *res judicata*, applies in subsequent lawsuits and is a bar to relitigation. It prohibits the parties from raising any claim or defense that could have been raised in the first lawsuit.[3] When a party does not raise a claim or defense in the first case, the party has waived the right to raise that claim or defense in any subsequent lawsuit.[4] In sum, "[c]laim preclusion prevents splitting a cause of action [among successive claims]. The policies [supporting] the doctrine reflect the need to bring all litigation to an end, prevent vexatious litigation, maintain stability of court decisions, promote judicial economy, and prevent double recovery."[5]

Claim preclusion exists for Lancaster's actions. Lancaster's bill of review was based on the same injury as this lawsuit. He had the opportunity to sue the fourteen defendants in this case then. He did not. It was not until he lost in state court that he brought this lawsuit – attempting to attack that judgment collaterally. Lancaster's claims are precluded. Even if they were not precluded, he would still lose for the reasons below.

4. *Limitations.*

Counts 1, 2, 3, 4, and 6 of Lancaster's complaint must be dismissed. For claims under 42 U.S.C. §§ 1983, 1985, federal courts adopt the limitations period of the state the court sits in. Texas has a two year statute of limitations.[6] Lancaster filed this lawsuit on June 8, 2018. To be within the limitations time, Lancaster's injuries must have occurred after June 7, 2016. They did not. Lancaster's pleaded injuries occurred in 2009.

Lancaster attempts to toll the limitations by asserting (a) fraudulent concealment, (b) the discovery rule, (c) a continuing tort, and (d) the *Heck* bar.[7] Lancaster's arguments are misguided.

Lancaster filed his bill of review in January 2013. Lancaster has been aware of his injuries since 2013. Even using 2013 as the limitations date, Lancaster is again impermissibly

---

[3] *See United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994) (citing *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990)).

[4] *See id.* at 310-11.

[5] *Barr v. Resolution Tr. Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 629 (Tex. 1992).

[6] Tex. Civ. Prac. & Rem. Code 16.003(a).

[7] *See Heck v. Humphrey*, 512 U.S. 477 (1994).

late. Further, not one of his four theories to toll limitations applies. Nothing was concealed from him; he knew when he was injured; no tort, continuing or otherwise, was committed; and the *Heck* bar applies to prisoner litigation.[8]

5. *Immunity.*

In count 5, Lancaster has sued Judge John Schmude – the judge who dismissed Lancaster's 2009 protective order. Lancaster's complaint is that Judge Schmude violated 42 U.S.C. § 1983 when he did not vacate the judgment.

Lancaster cannot sue Judge Schmude because he is protected by judicial immunity.[9] Judicial immunity allows a judge to be "free to act upon his own convictions, without apprehension of personal consequences to himself."[10] This is an immunity from suit, not just from the eventual assessment of damages.[11] Because Lancaster's lawsuit against Judge Schmude is derived entirely from actions taken in his official capacity, he is immune.

6. *Conclusion.*

Lancaster's potential injuries, if any, are a result of his own actions. David Lancaster has failed to timely state a cognizable claim and his case will be dismissed.

Signed on June ⁵ , 2019, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[8] *Id.* Heck was convicted of voluntary manslaughter for killing his wife in Indiana. He sued the prosecutors and an investigator for alleged flaws in the investigation and trial. The Supreme Court held that a prisoner, suing for an unconstitutional conviction or imprisonment under 42 U.S.C. § 1983, must first have the conviction reversed or otherwise declared invalid. This is to avoid inconsistent judgments and avoid collateral attacks on criminal convictions.

[9] *See Krueger v. Reimer*, 66 F.3d 75, 77 (5th Cir. 1995); *see also Mays v. Sudderth*, 97 F.3d 107, 110–11 (5th Cir.1996); *Burnett v. Denman*, 368 F. App'x 603, 604 (5th Cir. 2010).

[10] *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005).

[11] *Id.; see also Mireles v. Waco*, 502 U.S. 9, 11 (1991).